IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00209-BNB

VIRGIL CROFFER,

    Plaintiff,

v.

MARK N. TSCHETTER,
SHARON S. GREEN, and
BEN DAVIS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Virgil Croffer, currently is incarcerated at the Denver Van Cise-Simonet Detention Center.  Mr. Croffer initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) seeking money damages and injunctive relief.  In response to an order (ECF No. 5) directing him to cure deficiencies, Mr. Croffer filed on February 12, 2013, an amended Prisoner Complaint (ECF No. 10) with Defendants' addresses but without any claims or request for relief, apparently assuming the Court would refer to the Prisoner Complaint he originally filed for such information.

    Mr. Croffer has been granted leave to proceed pursuant to the federal *in forma pauperis statute*, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*,

490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Croffer is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Croffer's complaints liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaints reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*. For the reasons set forth below, the amended Prisoner Complaint and the Prisoner Complaint Mr. Croffer originally filed, as well as the action, will be dismissed.

Mr. Croffer contends he is suing Defendants based on "false filings and dealings that lead to an unlawful detainer and ended up causing a false eviction." ECF No. 1 at 2. Plaintiff alleges that Defendant Mark Tschetter is an attorney with the Denver law

firm of Tschetter, Hamrick and Sulzer, P.C.; Defendant Sharon S. Green is an agent for the Denver firm of Continental Divide, apparently landlord for the residential rental property from which Mr. Croffer was evicted; and Defendant Ben Davis is residential manager for Continental Divide Management Corporation, which apparently manages the residential rental property from which Mr. Croffer was evicted.  He complains that he was wrongfully evicted from his residence of fourteen months and his property seized as a result of Defendants' actions and filings.

Nowhere in the complaints does Mr. Croffer allege that Defendants are acting under color of state law.  As previously stated, under § 1983 a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes.*, 398 U.S. at 150.  Therefore, the complaints and the action will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Croffer files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaints and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   18th   day of       March              , 2013.

BY THE COURT:


    s/Lewis T. Babcock
    LEWIS T. BABCOCK, Senior Judge
    United States District Court